DICKENSON, PEATMAN & FOGARTY
J. SCOTT GERIEN (State Bar No. 184728)
sgerien@dpf-law.com
JOY L. DURAND (State Bar No. 245413)
jdurand@dpf-law.com
1455 First Street, Suite 301
Napa, California 94559
Telephone: (707) 252-7122
Facsimile: (707) 255-6876

Attorneys for Plaintiff
STE. MICHELLE WINE ESTATES LTD.

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| Ste. Michelle Wine Estates Ltd., <br><br> Plaintiff, <br><br> vs. <br><br> Sawtooth Brewery LLC, <br><br> Defendant. | CASE NO. <br><br> **COMPLAINT** <br><br> 1. **Federal Trademark Infringement** <br> 2. **Federal Unfair Competition** <br> 3. **Washington Unfair Competition** <br> 4. **Common Law Trademark Infringement** <br> 5. **Common Law Unfair Competition** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff, Ste. Michelle Wine Estates Ltd. ("Plaintiff"), for its complaint against Defendant, Sawtooth Brewery LLC ("Defendant"), alleges as follows:

## NATURE OF ACTION

1. This is an action to redress violations of the federal Lanham Act for infringement of a federally registered trademark (15 U.S.C. §1114), federal unfair competition (15 U.S.C. §1125(a)), Washington unfair competition (RCW 19.86 *et seq.*), and common law

COMPLAINT; DEMAND
FOR JURY TRIAL

1

1  trademark infringement and unfair competition, as the result of willful and

2  unauthorized use by Defendant of colorable imitations of Plaintiff's trademark, as more

3  fully set forth hereinafter.  Plaintiff seeks preliminary and permanent injunctive relief

4  restraining Defendant's infringement of Plaintiff's trademark, monetary damages,

5  attorneys' fees and related relief.

6  ## THE PARTIES

7  2.  Plaintiff, Ste. Michelle Wine Estates Ltd., is a Washington corporation with its

8  corporate offices located at 14111 NE 145th Street Woodinville, Washington 98072.

9  3.  Upon information and belief, Defendant, Sawtooth Brewery LLC, is an Idaho limited

10  liability company with its corporate offices located at 110 N. River Street Hailey, Idaho

11  83333.

12  ## JURISDICTION AND VENUE

13  4.  This Court has subject matter jurisdiction over Plaintiff's claim under and pursuant to

14  15 U.S.C. §1121 and 28 U.S.C. §1338(a), as the claims arise under the federal Lanham

15  Act, 15 U.S.C. §§1116-1127.  This Court also has pendent jurisdiction over all related

16  claims herein in accordance with 28 U.S.C. §1338(b).

17  5.  Upon information and belief, Defendant, either directly or through its agents, transacted

18  business in the state of Washington and within this judicial district, as more specifically

19  set forth below, and expected or should reasonably have expected its acts to have

20  consequence in the state of Washington and within this judicial district.

21  6.  Venue is proper in this district pursuant to 28 U.S.C. §1391(b), as Defendant is doing

22  business in this judicial district and therefore may be found in this district, and/or as a

23  substantial part of the events giving rise to the claims alleged herein occurred in this

24  judicial district, and/or the infringement occurred in this judicial district.

25  ## ALLEGATIONS COMMON TO ALL CLAIMS

26  7.  Plaintiff is the owner of the trademark ETHOS for wine as well as the owner of U.S.

27  Trademark Registration No. 2,162,821 for ETHOS for wines in International Class 33,

28  issued on June 2, 1998, with constructive rights dating back to November 6, 1996 (the

COMPLAINT; DEMAND                    2
FOR JURY TRIAL

DICKENSON PEATMAN FOGARTY

"ETHOS Mark").  Plaintiff has used the ETHOS Mark on and in association with wine since as early as 1997, long prior to the acts of Defendant complained of herein.

8.  Plaintiff's ETHOS Mark for wine is not descriptive when used in association with wine and therefore is inherently distinctive.

9.  Plaintiff produces Cabernet Sauvignon, Syrah, Riesling, Merlot, Chardonnay and Muscat Canelli wines under the ETHOS Mark.  Plaintiff's ETHOS wines are offered for sale nationwide in thirty states, including the state of Washington.

10. Plaintiff's ETHOS wines are sold through all outlets where beverage products are normally sold, including in restaurants and retail outlets such as Albertsons, Safeway, BevMo!, Total Wine & More and others.

11. Since 1997, Plaintiff has advertised and promoted its ETHOS wine through direct marketing, wine tastings, wine dinners, promotions, brochures, website advertising and other marketing materials.

12. Plaintiff's ETHOS wines consistently receive high ratings and accolades from wine critics.  For example, Plaintiff's 2017 ETHOS Riesling received a 95 point score from *Wine & Spirits* magazine and a 92+ score from Robert Parker's *Wine Advocate* publication.  Plaintiff's 2016 ETHOS Riesling received a 92 point score from *Wine & Spirits* magazine and 91 point score from *Wine Enthusiast* magazine.  Plaintiff's 2016 ETHOS Chardonnay received a 93 point score from wine critic James Suckling and 91 point scores from both *Wine Enthusiast* magazine and wine critic Antonio Galloni's *Vinous* publication.  Plaintiff's 2016 ETHOS Cabernet Sauvignon received a 91 point score from *Wine & Spirits* magazine and a 90 point score from *Wine Enthusiast* magazine.  Plaintiff's 2015 ETHOS Chardonnay received a 93 point score from wine critic James Suckling and 90 point scores from both Robert Parker's *Wine Advocate* publication and wine critic Antonio Galloni's *Vinous* publication.  Plaintiff's 2015 ETHOS Cabernet Sauvignon received a 92 point score from wine critic James Suckling as well as 91 point scores from *Wine Enthusiast* magazine, *Wine Spectator* magazine and wine critic Antonio Galloni's *Vinous* publication.  Plaintiff's 2014 ETHOS

Chardonnay received a 93 point score from wine critic James Suckling, a 92 point score from *Wine Advocate* magazine, and 90 point scores from both *Wine Spectator* magazine and wine critic Antonio Galloni's *Vinous* publication. Plaintiff's 2014 ETHOS Cabernet Sauvignon received a 92 point score from Robert Parker's *Wine Advocate* publication. Plaintiff's 2013 ETHOS Cabernet Sauvignon received a 93 point score from Robert Parker's *Wine Advocate* publication and a 91 point score from *Wine Spectator* magazine. Plaintiff's 2013 ETHOS Syrah received a 92 point score from Robert Parker's *Wine Advocate* publication and 91+ point score wine critic Antonio Galloni's *Vinous* publication. Plaintiff's 2013 ETHOS Merlot received a 91 point score from *Wine Enthusiast* magazine. Plaintiff's ETHOS wines have consistently received such ratings dating back to 2012.

13. As evidenced by Plaintiff's sales, advertising and accolades for the ETHOS wine, Plaintiff owns extremely valuable goodwill in its ETHOS Mark and the mark has extraordinary financial value.

14. As a result of the wide, continuous advertising, distribution and sale of Plaintiff's ETHOS wine since as early as 1997, the ETHOS Mark has also acquired distinctiveness among wine consumers and is a strong mark.

15. Upon information and belief, Defendant does business under the trade name Ethos Brewing Co. and produces beer labeled with the mark ETHOS.

16. Defendant filed U.S. Trademark Application Serial No. 90/216,880 for the mark ETHOS for beers in International Class 32 on September 28, 2020 ("Defendant's ETHOS Application"), well after Plaintiff established its rights in the ETHOS Mark. Defendant's ETHOS Application was filed based upon Defendant's intent to use the mark in commerce, not actual use of the mark at the time of filing.

17. In November 2020, Plaintiff learned that several Certificates of Label Approval ("COLA") were issued by the U.S. Alcohol and Tobacco Tax and Trade Bureau ("TTB") to Defendant on November 17, 2020 for a beer featuring the mark ETHOS (COLA TTB ID Nos. 20317001000008, 20317001000009 & 20317001000010). The

issuance of a COLA by the TTB is a legal prerequisite for the release of a packaged alcoholic beverage product into U.S. commerce.

18. After learning of the COLAs for Defendant's ETHOS beer, Plaintiff searched the Internet and learned that Defendant operates an interactive website at the domain address https://www.ethosbrewco.com where it sells its ETHOS beer.  The ETHOS beer sold by Defendant is available for purchase and shipping to Washington, including to this judicial district.

19. On December 18, 2020, Plaintiff's counsel sent Defendant's counsel, April L. Besl, Esq. of Dinsmore & Shoh LLP, a demand letter requesting that Defendant not use the ETHOS mark on the basis that it infringed Plaintiff's ETHOS Mark.  On January 6, 2021, Defendant's counsel advised counsel for Plaintiff that Defendant would not cease use of the ETHOS mark.

20. Upon information and belief, Defendant has used the ETHOS mark in commerce, including in this judicial district.

21. Defendant's adoption and/or use of the ETHOS mark in commerce is subsequent to Plaintiff's adoption, use and registration of its ETHOS Mark.

22. Defendant's ETHOS mark is confusingly similar to Plaintiff's ETHOS Mark, given that the marks are identical and are used on similar goods, namely, beer and wine.

23. Use of the ETHOS mark by Defendant is likely to confuse consumers into believing that Defendant's ETHOS beer is affiliated with, associated with, connected to, or sponsored by Plaintiff and its popular ETHOS wine, and Defendant will unjustly benefit from such association.

24. Defendant's use of the ETHOS mark has the capacity to deceive a substantial portion of the public.

25. Defendant's infringing use of the mark ETHOS will unjustly increase the profitability of Defendant's ETHOS brand to the detriment of Plaintiff and at no cost to Defendant.

26. Upon information and belief, Plaintiff will be further harmed as consumers will purchase the ETHOS beer believing it to be affiliated with, associated with, connected

to, or sponsored by Plaintiff, and thereby forego purchase of the ETHOS wine, resulting in loss of sales to Plaintiff from Defendant's unfair competition.

27. Defendant's infringing use of the confusingly similar ETHOS mark will financially harm Plaintiff by diminishing the value of Plaintiff's ETHOS Mark.

28. Defendant's use of the ETHOS mark will also endanger the ability of Plaintiff's ETHOS Mark to serve as a unique and distinctive source indicator for Plaintiff and/or Plaintiff's goods, further diminishing the value of Plaintiff's ETHOS Mark and causing Plaintiff irreparable harm.

29. Unless restrained by this Court, Defendant will unfairly compete with Plaintiff by using the ETHOS mark, wherefore Plaintiff is without adequate remedy at law.

30. This case is an exceptional case entitling Plaintiff to treble damages and attorneys' fees, and Defendant's conduct further entitles Plaintiff to punitive damages.

## FIRST CAUSE OF ACTION

### (Federal Trademark Infringement under 15 U.S.C. §1114)

31. Defendant's above-averred actions constitute use in commerce of a reproduction, counterfeit, copy or colorable imitation of Plaintiff's registered mark in connection with the sale, offering for sale, distribution or advertising of goods or services on or in connection with which such use is likely to cause consumer confusion, deception or mistake as to source, sponsorship or approval of the Defendant's aforesaid goods or services in violation of 15 U.S.C. §1114.

## SECOND CAUSE OF ACTION

### (Federal Unfair Competition under 15 U.S.C. §1125(a))

32. The Defendant's above-averred actions constitute use in commerce of a word, name or device and false designation of origin which is likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection or association of Defendant with

Plaintiff or as to the origin, sponsorship or approval of the goods offered in connection therewith in violation of 15 U.S.C. §1125(a).

**THIRD CAUSE OF ACTION**

(State Unfair Competition under RCW 19.86 *et seq.*)

33. The Defendant's above-averred actions related to use of the ETHOS mark in commerce constitute unfair methods of competition and unfair, deceptive or fraudulent business acts or practices in violation of RCW 19.86.020.

**FOURTH CAUSE OF ACTION**

(Common Law Trademark Infringement)

34. The Defendant's above-averred actions related to use of the ETHOS mark in commerce constitute trademark infringement and passing off in violation of the common law of Washington.

**FIFTH CAUSE OF ACTION**

(Common Law Unfair Competition)

35. The Defendant's above-averred actions related to use of the ETHOS mark in commerce constitute a false designation of origin in violation of the common law of Washington.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that judgment be entered as follows:

1.    That Defendant, its principals, partners, franchisees, agents, employees, licensees, affiliates, distributors, producers, any parent and subsidiary companies, attorneys and representatives and all of those in privity with or acting under its direction and/or pursuant to its control, be preliminarily and permanently enjoined and restrained, from directly or indirectly:

a.  Using the mark ETHOS, or any term or mark confusingly similar to the ETHOS Mark, in connection with the advertisement, promotion, distribution, offering for sale or selling of beer, wine, beverages, or products or services related to beverages;

b.  Performing any acts or using any trademarks, names, words, images or phrases that are likely to cause confusion, to cause mistake, to deceive or otherwise mislead the trade or public into believing that Plaintiff and Defendant are one in the same or are in some way connected or that Plaintiff is a sponsor of Defendant or that the goods of Defendant originate with Plaintiff or are likely to lead the trade or public to associate Defendant with Plaintiff;

2.  That Defendant be required to file with the Court, and serve on Plaintiff, a statement under oath evidencing compliance with any preliminary or permanent injunctive relief ordered by the Court within fourteen (14) days after the entry of such order of injunctive relief;

3.  That Defendant, its principals, partners, franchisees, agents, employees, licensees, affiliates, distributors, producers, any parent and subsidiary companies, attorneys and representatives and all of those in privity with or acting under its direction and/or pursuant to its control, be required to deliver up for destruction all advertising, promotional materials, point of sale materials, labels, caps, cans, shippers, packaging, and any other materials bearing the infringing mark together with all artwork, plates, molds, matrices and other means and materials for making and reproducing the same;

4.  That Defendant be ordered to recall infringing ETHOS beer in the marketplace from retailers;

5.  That Defendant be ordered to pay Plaintiff monetary damages for the harm resulting from infringement of Plaintiff's mark, in an amount to be determined at trial;

6.  That Plaintiff's damages be trebled and that Defendant be order to pay Plaintiff's

attorneys' fees on the basis that this is an exceptional case;

7.    That Plaintiff be awarded punitive damages as a result of Defendant's conduct;

8.    That Plaintiff have such other and further relief as this Court shall deem just and proper on the merits.


Dated: February 11, 2021                    Respectfully submitted,

                                            DICKENSON, PEATMAN & FOGARTY

                                            By
                                               J. Scott Gerien
                                               Joy L. Durand
                                               (pro hac vices forthcoming)
                                               1455 First Street, Suite 301
                                               Napa, California 94559
                                               Telephone: 707-252-7122
                                               Facsimile: 707-255-6876
                                               Attorneys for Plaintiff,
                                                 Ste. Michelle Wine Estates Ltd.


                                            FOSTER GARVEY PC



                                            Benjamin Hodges, WSBA 49301
                                            Attorneys for Plaintiff,
                                            Ste. Michelle Wine Estates Ltd.

.

<u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby requests a trial by jury in this matter.

Dated: February 11, 2021

Respectfully submitted,

DICKENSON, PEATMAN & FOGARTY

By J. Scott Gerien
    Joy L. Durand
    (pro hac vices forthcoming)
    1455 First Street, Suite 301
    Napa, California 94559
    Telephone: 707-252-7122
    Facsimile: 707-255-6876
    Attorneys for Plaintiff,
    Ste. Michelle Wine Estates Ltd.

FOSTER GARVEY PC

Benjamin Hodges, WSBA 49301
Attorneys for Plaintiff,
Ste. Michelle Wine Estates Ltd.

COMPLAINT; DEMAND
FOR JURY TRIAL

10